McGREGOR W. SCOTT
United States Attorney
YOSHINORI H. T. HIMEL
Assistant U.S. Attorney
501 I Street, Suite 10-100
Sacramento, California 95814
Telephone: (916) 554-2760

Attorneys for Defendant
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALICE KILEY,<br><br>      Plaintiff,<br><br>      v.<br><br>UNITED STATES OF AMERICA,<br><br>      Defendant. | 2:07-cv-00725-MCE-DAD<br><br>**STIPULATION AND ORDER FOR COMPROMISE SETTLEMENT BETWEEN ALICE KILEY AND THE UNITED STATES OF AMERICA** |

      ALICE KILEY, plaintiff, and the UNITED STATES OF AMERICA, defendant, through their undersigned attorneys, subject to the Court's approval as provided for hereon, hereby stipulate:

      1. The parties agree to settle and compromise this action under the terms and conditions set forth herein.

      2. The UNITED STATES OF AMERICA, defendant, shall make a check payable to "ALICE KILEY, AND HER ATTORNEY, MARK D. SHEA, ESQUIRE," in the amount of EIGHT THOUSAND DOLLARS ($8,000.00).

///

///

///

That check is in full settlement and satisfaction of any and all claims, demands, rights, and causes of action, of whatsoever kind and nature, arising from, and by reason of, any and all known and unknown, foreseen and unforeseen, bodily, emotional, reputational and personal injuries, damage to property, and consequential damage, resulting or to result from the subject matter that gave rise to the above-styled action, including any claims for wrongful death, for which plaintiff or her heirs, executors, administrators, successors or assigns, and each of them, now have, or may hereafter acquire, against the UNITED STATES OF AMERICA, its agencies, agents, servants, and employees.

3. Plaintiff and her heirs, executors, administrators or assigns shall accept the sum stated in paragraph 2, above, and the certification provided for in paragraph 3, above, in full settlement and satisfaction of any and all claims, demands, rights, and causes of action, of whatsoever kind and nature, including any future claim for wrongful death, arising from any and all known and unknown, foreseen and unforeseen, bodily, emotional, reputational and personal injuries, damage to property and consequential damage, that she may have or later acquire, against the UNITED STATES OF AMERICA, its agencies, agents, servants and employees, on account of the subject matter that gave rise to this lawsuit.

4. Plaintiff and her heirs, executors, administrators, successors or assigns shall reimburse, indemnify and hold harmless the UNITED STATES OF AMERICA, its agencies, agents, servants, and employees from any and all causes of action, claims, liens, rights, or subrogated or contribution interests, incident to or resulting from further litigation or the prosecution of claims, including claims for wrongful death, by plaintiff or her heirs, executors, administrators, successors or assigns, against any third party or against the UNITED STATES OF AMERICA, on account of the subject matter that gave rise to this lawsuit.

5. This settlement and this stipulation for compromise settlement are not an admission of liability or fault on the part of the UNITED STATES OF AMERICA, its agencies, agents, servants, or employees, or on the part of ALICE KILEY. Both sides enter into it to compromise disputed claims and avoid the expenses and risks of litigation.

1       6. The amount stated in paragraph 2 represents the entire amount of the compromise
2  settlement. The parties shall bear their own costs, attorney's fees, and expenses. Any
3  attorney's fees owed by the plaintiff to its counsel will be paid out of the settlement amount
4  and not in addition thereto.
5       7. The parties understand that under 28 U.S.C. § 2678, attorneys' fees for the
6  prosecution of the claims against the UNITED STATES OF AMERICA under the Federal
7  Tort Claims Act in this action must not exceed 25 per centum of the amount of the
8  compromise settlement.
9       8. The parties agree that this Stipulation for Compromise Settlement and Release,
10 including all the terms and conditions of this compromise settlement and any additional
11 agreements relating thereto, may be made public in their entirety, and the claimants expressly
12 consent to such release and disclosure pursuant to 5 U.S.C. § 552a(b).
13      9. The parties understand that it is not unusual for three months to elapse between the
14 Court's approval of a settlement stipulation and the cutting of a Treasury check.
15      10. Unless the settlement amount is deposited electronically by prior arrangement,
16 plaintiff or her agent may pick up the Treasury check for the amount of the settlement at the
17 United States Attorney's Office in Sacramento, California. Because it is very difficult to trace
18 a Treasury check, plaintiff bears the risk of nondelivery if she chooses any other method for
19 obtaining the paper check from the United States Attorney's office.
20      11. In consideration of the payment of the amounts set forth above, plaintiff shall
21 make a full release of all claims in form satisfactory to defendants. In making such a release,
22 plaintiff states that she has read and hereby waives any rights under Section 1542 of the
23 California Civil Code, which provides:

> A general release does not extend to claims which the creditor
> does not know or suspect to exist in his favor at the time of
> executing the release, which if known by him must have
> materially affected his settlement with the debtors.

12.  In consideration of the payment of the amounts set forth above, plaintiff shall cause her attorney to obtain signatures and file with the court all documents necessary to cause the above-styled action to be dismissed with prejudice from the court's docket.

Dated:  June 30, 2008                              /s/ Mark D. Shea
                                                   MARK D. SHEA, ESQUIRE
                                                   Attorney for Plaintiff


Dated:  June 20, 2008                              McGREGOR W. SCOTT
                                                   United States Attorney

                                            By:    /s/ Y H T Himel
                                                   YOSHINORI H. T. HIMEL
                                                   Assistant U. S. Attorney


### ORDER

It is SO ORDERED.  The dismissal shall be submitted for court approval by the 90th day after the filing date of this order.

Dated: July 28, 2008

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE